```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| FRANCISCO GUERRA, et al, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | C.A. NO. C-05-580 |
| § | |
| WEDGE MANAGEMENT, INC. § | |
| § | |
| Defendant. § | |

## ORDER OF REMAND

On this day the Court considered its subject-matter jurisdiction *sua sponte* in the above-styled action. For the reasons discussed below, this Court finds that subject-matter jurisdiction is lacking and the above-styled action is, therefore, REMANDED pursuant to 28 U.S.C. § 1447(c) to the 105th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-810-D.

### I. BACKGROUND

On February 13, 2004, Plaintiffs filed suit in Texas state court against Defendant Wedge Management ("Defendant"), claiming that Defendant's negligence caused a fire at the Casa Mañana Apartments and resulted in Plaintiffs' injuries. In response to Defendant's objections, Plaintiffs filed several amended petitions. On November 21, 2005, Plaintiffs filed their Third Amended Petition which, for the first time, made reference to federal law. Under the section labeled "Negligence," the Third Amended Complaint

1

stated:

> Defendant, its agents, servants, and/or employees committed various acts and/or omissions constituting negligence, negligence per se, and/or gross negligence. Defendant's wrongful conduct and negligence was a proximate cause of the incident and the personal injuries and damages suffered by Plaintiffs. Defendant's negligence included failing to install or insure that operable smoke detectors were present in the premises in violation of applicable statutes, regulations (state and federal) and common law. Statutory violation would involve provisions contained in Subchapter F of Chapter 92 of the Texas Property Code and 24 C.F.R. § 965.805 and associated federal statutes.

(Pl.'s 3d Amend. Compl. ("TAC") at § V(A).)

On December 13, 2005, Defendant removed the case to this court alleging that federal jurisdiction was proper pursuant to 28 U.S.C. § 1331. Defendant argued that the case raised a federal question because Plaintiffs predicated their negligence claim on a violation of federal law.

**II. DISCUSSION**

A federal court's "first inquiry" must be whether it has subject-matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc) cert. denied, 125 S. Ct. 1825 (2005). Thus, "courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004). A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d

2

912, 916 (5th Cir. 2001) (citations omitted).  Where a case has been removed from state court, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.")).

28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This statute requires something more than federal law as a mere "ingredient" in the case.  Fabrique, Inc. v. Corman, 813 F.2d 725, 725-26 (5th Cir. 1987).  Moreover, the fact that a court necessarily must interpret federal law or regulations in evaluating a claim is not alone sufficient to confer federal jurisdiction. Merrell-Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986); see also Powers v. South Central United Food & Commercial Workers Unions, 719 F.2d 760, 766 (5th Cir. 1983) (stating that "not every federal question presented in a case means that the case 'arises under' federal law for purposes of original jurisdiction under section 1331").

In Merrell-Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986) the Supreme Court defined the extent of federal jurisdiction

3

over cases where a federal issue appears in a state law cause of action.  Merrell-Dow involved a state law suit in which plaintiffs based their negligence claim in part on defendant's violation of the Federal Food, Drug, and Cosmetic Act.  Id. at 805-06.  The Supreme Court held there was no federal question jurisdiction under such circumstances because "Congress ha[d] determined that there should be no private, federal cause of action for the violation" of the statute at issue.  Id. at 817; see also Griffis v. Gulf Coast Pre-Stress Co., Inc., 850 F.2d 1090, 1092 (5th Cir. 1988).  The Court held that to allow federal jurisdiction where Congress had not provided for a federal cause of action would "flout, or at least undermine" congressional intent.  Id. at 812.

In this case, the only federal issue is Plaintiffs' allegation that "Defendant's negligence included failing to install . . . smoke detectors . . . in violation of applicable statutes [and] regulations (state and federal)."  (TAC at § V(A).)  Federal law does not create Plaintiffs' cause of action.  Rather, as in Merrell-Dow, Plaintiffs are invoking federal law only to describe Defendants negligent conduct and articulate the standard of care. In particular, Plaintiffs cite 24 C.F.R. § 965.805, which establishes requirements for smoke detectors in certain housing units covered by the regulation.  The question, therefore, is whether § 965.805 and its associated statute, 42 U.S.C. § 1437d, give rise to a private, federal cause of action.  If there is no

private cause of action, this case is controlled by Merrell-Dow and federal subject-matter jurisdiction is lacking.

Courts generally disfavor inferring private causes of action. See, e.g., Casas v. American Airlines, Inc., 304 F.3d 517, 521-522 (5th Cir. 2002); Lundeen v. Mineta, 291 F.3d 300, 312 (5th Cir. 2002). Rather, courts "presum[e] that Congress did not intend to create a private right of action." Casas, 304 F.3d at 522. In determining whether a federal law implies a private cause of action, the "crucial inquiry" is Congressional intent. Id.; see also Banks v. Dallas Housing Authority, 271 F.3d 605, 611 (5th Cir. 2001) (stating that Congress must have intended not only to create a private right, but a private remedy as well). Without intent to create a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).

This Court finds that Congress did not intend a private cause of action for violation of 24 C.F.R. § 965.805 or 42 U.S.C. § 1437d. Neither the statute nor the regulation mention anything about a private right to sue. Instead, the statute lays out a detailed remedial scheme in which the Secretary of the Department of Housing and Urban Development ("HUD") monitors and enforces compliance with the housing regulations. See, e.g., 42 U.S.C. § 1437d(I)(2)-(3). As a general rule, where Congress has provided a

"detailed enforcement scheme" that does not include a private right to sue, courts should assume that the omission of a private cause of action is intentional. Casas, 304 F.3d at 523.

Moreover, the statutory language of § 1437d suggests that Congress did not intend to create a private remedy. The statutory language is addressed almost exclusively to the Secretary of HUD and does not speak in terms of protecting individuals. Courts have held that "Congress does not intend to create a private right of action where a statute is phrased as a directive to federal agencies engaged in the distribution of federal funds." Banks, 271 F.3d at 611 (quoting Alexander, 532 U.S. at 289). Statutes that focus on the regulating agency, rather than the individuals protected, "create no implication of an intent to confer rights on a particular class of persons." Alexander, 532 U.S. at 289.

Finally, courts that have addressed the issue of private enforcement of housing statutes and regulations have found that they do not create enforceable individual rights. See, e.g., Banks v. Dallas Housing Authority, 271 F.3d 605 (5th Cir. 2001) (concluding "that § 1437f(e) does not create an individual right to decent, safe, and sanitary public housing"); Phelps v. Housing Authority of Woodruff, 742 F.2d 816, 821 (4th Cir. 1984) (finding that Congress "intend[ed] to foreclose private enforcement of the requirements of the Housing Act"); Hill v. San Francisco Housing Authority, 207 F.Supp.2d 1021 (N.D. Cal. 2002) (holding that a

plaintiff cannot sue to enforce § 1437d and 24 C.F.R. § 965.805 through a suit under 42 U.S.C. § 1983). Because the case law, remedial scheme, and statutory language all weigh against finding a private right of action, there is no federal question and this Court lacks subject-matter jurisdiction over the case.

## III. CONCLUSION

For the reasons discussed above, the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 105th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-810-D.

SIGNED and ENTERED this 3rd day of January, 2006.

_____
Janis Graham Jack
United States District Judge